**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| PAULINE HARVEY, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-143-CDL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.    Whether the ALJ erred in discounting the opinion of Claimant's treating physician.**

**II.   Whether the ALJ properly evaluated Claimant's credibility.**

**III.  Whether the ALJ erred by making an inaccurate assessment of Claimant's past relevant work.**

**Administrative Proceedings**

Claimant filed for disability benefits on or about March 3, 2005. (T-14, 94; R-12, p. 4). Claimant's application was denied initially and on reconsideration. (T-53-57, 60-63). Claimant then filed a request for a hearing before an ALJ, which was held on July 2, 2007, in Columbus, Georgia, via video conference. (T-27-44). Subsequent to the hearing, the ALJ found that Claimant was not disabled in a decision dated October 23, 2007. (T-14-21). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-11).

**Statement of Facts and Evidence**

Claimant's disability report alleges a disability beginning December 21, 2004, due to diabetes and hypertension. (T-103; R-12, p. 4). At the hearing, Claimant testified that she also suffered from carpal tunnel syndrome and arthritis. (T-39). Additionally, the record reflects obesity-related limitations. (T-42). After examining the medical records, the ALJ determined that Claimant suffers from diabetes mellitus and hypertension, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (T-16). He found Claimant's obesity to be non-severe. *Id*. After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform the full range of light work, lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking up to 6 out of 8 hours, and sitting up to 6 out of 8 hours. (T-17). The ALJ found no exertional limitations. *Id*. Since he found Claimant

4

capable of performing her past, relevant work, the ALJ considered Claimant "not disabled." (T-20).

## DISCUSSION

**I.     Did the ALJ err in discounting the opinion of Claimant's treating physician?**

Claimant argues that the ALJ erred by failing to give controlling weight to the opinion of treating physician Dr. Ellard. (R-12, p. 8-11). Claimant's central contention seems to focus on the ALJ's decision to decline adopting Dr. Ellard's RFC: that, in part, Claimant could sit for 3 hours per day and stand and/or walk for 1 hour per day, would be able to perform only limited gross and fine manipulations, and would miss more than 4 days per month of work. (R-12, p. 8; T-19). Specifically, Claimant argues that the ALJ ignored Claimant's manipulative limitations and obesity when rejecting the limitations proposed by Dr. Ellard. *Id*.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight, the ALJ "must find that the treating source's opinion is 'well supported'

by 'medically acceptable' clinical and diagnostic techniques.  The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p.  Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record.  *Id*.

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the following factors: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors.  20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. 404.1527(a); *see* SSR 96-5p.  An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing.  20 C.F.R. §416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the

determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

Here, it is found that the ALJ properly discounted Dr. Ellard's opinion of Claimant's limitations. As stated above, RFC determinations are opinions on issues reserved to the Commissioner. As such, the ALJ committed no error by failing to adopt Dr. Ellard's RFC. Further, the record reveals that the ALJ discussed Claimant's medical records and hearing testimony and found that Claimant failed to carry her burden of proving that her impairments meet or medically equal the relevant Listed impairments. Although the ALJ acknowledged Claimant's impairments, some of which, notably, Claimant did not list in her original disability application, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). The ALJ explicitly stated clinical findings, treatment notes and x-rays in the record do not support Dr. Ellard's opinion, and such reasoning constitutes good cause for discrediting the opinion. (T-19).

Claimant argues that the ALJ erred by failing to consider how her obesity, in combination with her other impairments of uncontrolled diabetes and hypertension, supports the limitations assessed by Dr. Ellard. (R-12, p. 10-11). Further, Claimant briefly argues that the ALJ erred by failing to consider SSR 02-1p. *Id*. SSR 02-1p added language to the prefaces of musculoskeletal, respiratory and cardiovascular body system listings, "to provide guidance about the potential effects obesity has in causing or contributing to impairments of those body systems." *See* 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing Sections 1.00, 3.00, and 4.00. SSR 02-1p directs the ALJ to "find that obesity is a 'severe' impairment when,

7

alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individuals physical or mental ability to do basic work activities."  The regulation also instructs the ALJ to consider obesity at other steps of the sequential evaluation process, including at RFC assessment.  *Id*.

In this case, the ALJ noted that Claimant's weight decreased from 275 to 230 pounds and that "[a]lthough the claimant is overweight, there is no significant impact to the claimant's cardiovascular system, musculoskeletal system, or respiratory system."  (T-16-17).  The ALJ specifically stated that he evaluated Claimant's obesity pursuant to SSR 02-1p.  *Id*.  The ALJ ultimately found Claimant's obesity to be non-severe and further, that "[t]he claimant does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments."  (T-17) (emphasis added).  This Finding sufficiently demonstrates that the ALJ properly considered the combined effects of Claimant's impairments.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002).  Accordingly, Claimant failed to meet her burden of showing the effect of her obesity on her other conditions so as to meet or equal a Listing, and no error is found in the ALJ's assessment of obesity related to Claimant's RFC.

Upon review of the entire record, the Commissioner appears to have applied the proper legal standard in discounting the medical records of Dr. Ellard.  As such, no error is found in the ALJ's analysis of Claimant's treatment records from Dr. Ellard.

**II.     Did the ALJ properly evaluate Claimant's credibility?**

Claimant argues that the ALJ erred in his assessment of Claimant's credibility. (R-12, p. 11-13). He contends that the ALJ's reasons for discounting Claimant's testimony were either misstated or unsupported by the record. *Id*. Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted).

In this case, the ALJ extensively considered the record, including the treating physician and state agency medical opinions, as well as Claimant's hearing testimony. He explicitly stated that he considered "all symptoms and the extent to which these symptoms

can reasonably be accepted as consistent with the objective medical evidence and other evidence" in accordance with regulations including SSR 96-7p. (T-17-18). The ALJ cited the following evidence in support of his decision to discount Claimant's credibility: Claimant did not go to a free clinic, the record sets forth several instances of noncompliance with treatment, the record shows no indication of surgery recommendations, Claimant did not keep appointments, the record does not support Claimant's assessment of the severity of her symptoms, and Claimant received basically conservative treatment. (T-18). The ALJ ultimately concluded, "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements pursuant to [SSR] 96-7p . . . are not entirely credible." *Id.* Although Claimant calls into question some of the ALJ's reasoning, overall, it is found that the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant, and no error is found.

## III.   Did the ALJ err by making an inaccurate assessment of Claimant's past relevant work?

Claimant contends that the ALJ erred by finding that she could perform her past relevant work as a line leader "as actually performed." (R-12, p. 13-14). Claimant argues that substantial evidence does not support the ALJ's findings because the ALJ ignored evidence that, in her past work, Claimant frequently lifted 25 or more pounds. *Id.*

As noted above, in the fourth step of the sequential disability analysis, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. At the fourth step, the claimant must prove that

he is unable to perform his past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990). Notably, "The regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past. 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986)." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). Concurrently, this Circuit has held that:

> Although a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work. *Nelms*, 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

Here, the ALJ first found Claimant capable of performing "the full range of light work of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently . . . ." (T-17). This finding is consistent with the definition of light work set forth in SSR 83-10. Ultimately, based on Claimant's own description of her job as "line leader" for an electric company in her Disability Report, the ALJ concluded that Claimant could return to her past relevant work "as actually performed." (T-20, 104-05). In so finding, the ALJ noted that the heaviest Claimant lifted was up to 20 pounds. *Id*. However, the ALJ failed to take into account the statement in Claimant's Disability Report that she frequently lifted up to 25 pounds as well as her hearing testimony that she lifted boxes of sockets ranging from 20 to

11

30 pounds. (T-104-05, 37). If Claimant's statements are true, her past relevant work does not fall within the residual functional capacity of "light work" assessed by the ALJ.

Because the ALJ's decision is not supported by substantial evidence, it is recommended that this case be remanded. While on remand, it is recommended that the ALJ more fully develop the record concerning the physical and mental demands of Claimant's past relevant work to determine whether Claimant's residual functional capacity encompasses her past relevant work. If not, it is recommended that the ALJ proceed to the fifth step in the sequential disability analysis to determine whether the Commissioner can carry his burden of proving that, given Claimant's residual functional capacity, age, education, and past work experience, jobs exist in significant numbers in the national economy that Claimant can perform. *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Allen v. Bowen*, 816 F.2d 600, 603 (11th Cir. 1987). If necessary, the ALJ should accept testimony from a vocational expert as to the Dictionary of Occupational Title's classification of Claimant's past relevant work and/or other jobs Claimant can perform.

## CONCLUSION

In reviewing the record, it appears that the ALJ's decision is legally inadequate. Therefore, this Court should remand the claim to the Commissioner for reconsideration and articulation as to the finding of disability as set out above.

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be REMANDED to the Commissioner for further administrative action as set out above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this

recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

THIS the 3rd day of April, 2009.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

lml